**IN THE UNITED STATES DISTICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Dad's Place of Bryan, Ohio,                    :     Case No. 3:24 CV 122

                                               :

        Plaintiff,                             Judge Jack Zouhary

                                               :

City of Bryan, et al.                          :

        Defendants.                            :


### DEFENDANTS' MEMORANDUM CONTRA PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE OR FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Now come Defendants, City of Bryan, Mayor Carrie Schlade, Jamie Mendez, Andrew Waterston, and Chief Doug Pool and submit their memorandum contra to the Plaintiff's Motion for Show Cause Order or for a Temporary Restraining Order and Preliminary Injunction. Specifically, the motion is not factually supported and is inconsistent with the actions taken by the parties in this matter.

Plaintiff commenced this case when it filed its complaint and a Motion for Temporary Restraining Order on January 23, 2024. The following day, the parties met via Zoom with the Court. As a result of the parties' discussions, the Court issued an order stating among other items that "Fire inspections are permitted; however, Defendant shall not enforce any alleged violations of the fire or zoning codes without Court approval or agreement of Plaintiff. Should Defendant find an urgent need to enforce the fire code, counsel should jointly contact Chambers to schedule another conference." The order set filing dates for Defendants' answer to the Complaint and the Memorandum Contra Plaintiff's Motion for a Temporary Restraining Order. The Court scheduled a hearing on the TRO for March 4, 2024.

1

On February 1, 2024, the parties met with Magistrate Clay and were able to reach an interim agreement through mediation.  This agreement was read into the record under the supervision of Magistrate Clay.  The terms of the agreement included the City dismissing criminal charges that had been filed against Pastor Avell.  The agreement also prohibited residential use at Dad's Place and specifically referenced the City's right to use evidence of residential use, if any, in further litigation.  The agreement prohibited Dad's Place from using any cots, sleeping bags or other type of sleeping material.  The parties agreed Dad's Place would not be used as a homeless shelter in any way.

On February 26, 2024, this Court denied Plaintiff's Motion for a Temporary Restraining Order without prejudice.

On March 5, 2024, after receiving multiple reports that individuals were residing at Dad's Place in violation of the parties' agreement and the Ohio fire code, Fire Chief Pool conducted an inspection at Dad's Place at approximately 5:30 am.  He discovered at least six individuals, including young children, sleeping at Dad's Place with makeshift beds, blankets, and pillows.

In addition, a convicted sex offender who was required to register his residence under Ohio law reported to the Bryan police department that he was residing at Dad's Place.  This individual stated he lived at Dad's Place, slept there, and kept some of his belongings at this location.  Again, this was a clear violation of the February 1 agreement and the Ohio fire code.

Instead of taking enforcement action against Dad's Place, Defendants contacted Plaintiff to report these concerns.  Defendants sought an explanation of what had been discovered and reiterated that no individuals could reside at Dad's Place.

2

Defendants also became aware that multiple families were using Dad's Place as their residence for purposes of enrolling in Bryan City schools.  Again, Defendants requested Plaintiff to address this issue.

During the months of March and April, Defendants continued to receive information that individuals were residing at Dad's Place.  On April 24, 2024, Fire Chief Pool conducted an inspection at 5:30 am.  He discovered fifteen individuals sleeping at Dad's Place, many using makeshift beds along with blankets and pillows.  A caretaker who had moved out of Dad's Place after February 1, 2024, was also present and sleeping when Chief Pool arrived.  This discovery prompted Defendants to request a conference with Magistrate Clay.  On April 25, 2024, Magistrate Clay met via Zoom with the attorneys for the parties.  Defendants informed Magistrate Clay and Plaintiff's attorneys what had been discovered on April 24 and stated criminal charges would be filed.  An attorney for Plaintiff agreed to accept service of those charges on behalf of Pastor Avell.  Less than two hours after the conference was concluded, Plaintiff filed the present motion after never having raised this issue during the Zoom conference with Magistrate Clay.

Plaintiff's motion should be denied for several reasons.  First, the original January 24, 2024, order was issued by the Court in an effort to preserve the status quo until a hearing on the Motion for Temporary Restraining Order could be held.  That motion was denied by the Court, without prejudice, on February 26, 2024, and the hearing scheduled for March 4, 2024, was cancelled.  Since the motion was no longer pending, there was no basis for the City to maintain the status quo as of January 24, 2024.

Second, the agreement reached by the parties on February 1, 2024, under the supervision of Magistrate Clay, altered the status quo.  The City agreed to dismiss the criminal charges against Pastor Avell.  The caretakers were prohibited from residing at Dad's Place.  As stated above, the

3

parties agreed Dad's Place would not be used as a residence and, perhaps most significantly, Plaintiff agreed Defendants could file criminal charges in the future. There was no stipulation or agreement that such charges could be filed only after getting permission from the Court. In fact, the Court's January 24, 2024, order was never mentioned during the settlement summary on the record.

Third, it is undisputed that Defendants conferred with the Court and Plaintiff as set forth in the January 24, 2024, order before filing criminal charges. As stated above, the parties had a Zoom conference with Magistrate Clay at which time Defendants made it clear that criminal charges would be filed based on Chief Pool's April 24, 2024, inspection. There was nothing ambiguous about the City's intentions. This conference satisfied the requirement to confer with the Court before filing new criminal charges.

Plaintiff's response during the Zoom conference is meaningful on this issue. Never during the entire discussion on April 25 did Plaintiff raise the issue of the charges being filed in light of the January 24 order. In fact, Plaintiff never even alluded to the order. Certainly, if Plaintiff believed the conference with Judge Clay did not satisfy the requirement of the January 24 order, this issue would have been raised in an effort to protect Pastor Avell.

Fourth, contrary to Plaintiff's assertion, the April 25 Zoom conference with Judge Clay does not satisfy its obligation to meet and confer with Defendants before filing the Motion to Show Cause. As stated above, Plaintiff never mentioned the January 24 order nor did it claim the City was barred from pursuing these new charges. It is difficult to understanding how Plaintiff can claim the April 25 Zoom conference met its obligation based on these facts.

Plaintiff also references a death of an individual who had been unlawfully sleeping at Dad's Place. Of course, this death is a tragic event that perhaps could have been avoided had Dad's Place

4

sought medical attention for this person or had another parishioner stay with him (many of whom have apparently been sleeping at Dad's Place) instead of stashing him in an apartment by himself.

Plaintiff's motion also seeks a temporary restraining order from this Court. The basis for this part of the motion is basically the same as Plaintiff's original motion. For the reasons previously stated by Defendants in its memorandum contra, that motion should be denied.

In summary, Plaintiff's motion is without merit and should be denied. Moreover, Defendants are merely seeking the ability to require Dad's Place to comply with the Ohio fire code which prohibits using the Church as a residence without the proper approval from the State of Ohio and Bryan City zoning code.

Respectfully submitted,

/s/ James A. Climer
John T. McLandrich (0021494)
James A. Climer (0001532)
John D. Pinzone (0075279)
Zachary W. Anderson (0095921)
**MAZANEC, RASKIN, & RYDER CO., LPA**
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906 – Telephone
(440) 248-8861 – Fax
jmclandrich@mrrlaw.com
jclimer@mrrlaw.com
jpinzone@mrrlaw.com
zanderson@mrrlaw.com
*Counsel for Defendants City of Bryan,*
*Mayor Carrie Schlade, Jamie Mendez,*
*Andrew J. Waterson, and Doug Pool*

/s/ Marc A. Fishel
Marc A. Fishel (0039110)
**FISHEL DOWNEY ALBRECHT RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, OH 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Fax
mfishel@fisheldowney.com
*Counsel for Defendants City of Bryan,*
*Mayor Carrie Schlade, Jamie Mendez,*
*Andrew J. Waterson, and Doug Pool*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing **DEFENDANTS' MEMORANDUM CONTRA PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE OR FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was filed electronically through the Court's system this 8th day of May 2024. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system, as certified by the Court's Certificate of Service generated upon filing and by email to the following:

W.Stuart Dornette, Esq.
Philip D. Williamson, Esq.
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut St., Suite 1800
Cincinnati, OH 45202
(513) 381-2838
dornette@taftlaw.com
pwilliamson@taftlaw.com

David J. Hacker, Esq.
Jeremy Dys, Esq.
Ryan Gardner, Esq.
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy., Suite 1600
Plano, TX 75075
(972) 941-4444
jdys@firstliberty.org
rgardner@firstliberty.org

Stephen D. Hartman, Esq.
**SPENGLER NATHANSON P.L.L.**
900 Adams St.
Toledo, OH 43604
(419) 690-4604
(419) 241-8599
shartman@snlaw.com

*/s/ Marc A. Fishel*
Marc A. Fishel (0039110)
**FISHEL DOWNEY ALBRECHT RIEPENHOFF LLP**
*Counsel for Defendants City of Bryan, Mayor Carrie Schlade, Jamie Mendez, Andrew J. Waterson, and Doug Pool*