## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### TOLEDO DIVISION

|  |  |
|---|---|
| DAD'S PLACE OF BRYAN OHIO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF BRYAN; MAYOR CARRIE SCHLADE, *in her official and personal capacities*; JAMIE MENDEZ, *in his official and personal capacities*; ANDREW J. WATERSON, *in his official and personal capacities*, DOUG POOL, *in his official and personal capacities*,<br><br>　　　　Defendants. | Civil Action No. 3:24-cv-00122-JZ<br><br><br>**PLAINTIFF'S OPPOSED RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE** |

Plaintiff Dad's Place of Bryan Ohio (the "Church") moves to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2).

On July 19, 2024, this Court denied the Church's motion for a preliminary injunction.  Docs. 47, 49.  Since then, not much has happened in this case.  But after the Church filed this lawsuit, some defendants in this case brought two state court actions—a civil case by the City's fire chief against the Church, and a criminal prosecution by the City against the Church's Pastor—that have advanced to the state appellate courts. Disposition of those appeals will impact how this action would be litigated and their resolution might make this court's involvement in the overlapping disputes unnecessary.

Given these developments, the Church seeks to avoid wasting valuable judicial time and resources litigating a case that may well be resolved in state court—the defendants' preferred forum.  Even though they will suffer no prejudice, and despite previously arguing that the Court should abstain from deciding the parties' dispute and then agreeing to abate this case—the defendants oppose dismissal.  So the Church now respectfully requests that the Court dismiss this action without prejudice, with each party to bear its own fees and costs.

## RELEVANT BACKGROUND

The Church filed this action in January 2024, seeking a preliminary injunction prohibiting the defendants from shutting down the Church's overnight ministry in Bryan, Ohio.  Doc. 1.  The Court denied the Church's motion for a preliminary injunction, and the Church appealed.  Docs. 47, 48.

The City's fire chief—defendant Doug Pool—then brought an enforcement action against the Church in Ohio state court and sought a preliminary injunction, purportedly seeking to enforce the fire code.  At the same time, the City—also a defendant in this action—pursued criminal prosecution of the Church's pastor, Christopher Avell, for purported violations of the fire code.  Because the City and the fire chief pushed forward with their parallel actions against the Church and Pastor Avell in state court, the Church dismissed its appeal of this Court's denial of its request for a preliminary injunction for the sake of judicial economy and to preserve its limited resources.  Doc. 50.

Little has happened in this case since the Court denied the Church's preliminary injunction. But in the meantime, both state court cases—which involve the same underlying facts and overlapping issues—have advanced to Ohio's Sixth District Court of Appeals. The state court already heard argument in the civil appeal and submitted the case for decision. And briefing in the criminal appeal is well underway.

Because the disposition of the state civil and criminal appeals will affect how this federal case will be litigated, counsel for the Church conferred with counsel for the defendants to see whether they would consent if the Church voluntarily dismissed its claims without prejudice. The defendants—despite previously urging the Court to abstain from deciding the Church's claims, Doc. 35 at 1–3, and later agreeing to abate this case, Doc. 52—now oppose dismissal without prejudice. So the Church respectfully requests that the Court dismiss this action without prejudice.

## LEGAL STANDARD

Under Rule 41(a)(2), which governs voluntary dismissal where an answer has been filed and the defendant doesn't agree to dismissal, "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper."

As the Sixth Circuit has explained, a court should deny a motion for voluntary dismissal only "where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (quoting *Grover by Grover*

*v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).  When assessing whether dismissal will cause the defendant "plain legal prejudice," courts consider the following factors:  (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the defendant."  *Id.* (quoting *Grover*, 33 F.3d at 718).

## ARGUMENT

The defendants here will not suffer prejudice from dismissal—much less the sort of plain legal prejudice required to defeat a plaintiff's request for voluntary dismissal, as a brief analysis of the factors identified by the Sixth Circuit makes clear.

*First*, the defendants have expended minimal effort and expense in preparation for trial.  *See Walther*, 776 F. App'x at 315.  The parties have yet to complete the bulk of discovery, file any dispositive motions, or even schedule a trial date.  *See* Doc. 54.

*Second*, the Church has diligently prosecuted its claims and has not engaged in excessive delay.  *See Walther*, 776 F. App'x at 315.  In February 2025, shortly after appeals were docketed in the state court cases, the Church approached the defendants to jointly ask the Court to hold this case in abeyance pending resolution of the state court actions. *See* Doc. 52.  Defendants agreed.  *Id.*  After the Court denied the parties' joint request for abeyance, the Church diligently coordinated a litigation schedule with defendants.  Doc. 54.  And shortly thereafter, the Church approached the defendants about dismissing this

action in light of the appeals in the state court cases and the impact they will have on this federal litigation.

*Third*, the Church has adequately explained why it seeks voluntary dismissal. *See Walther*, 776 F. App'x at 315. Since this case began, two state court cases involving the same underlying facts and overlapping issues have proceeded to appeals. The appeal in the civil case has been fully briefed, argued, and submitted. And the criminal appeal is now being briefed and argued. The Church seeks to conserve valuable judicial time and resources rather than continuing to litigate a case that is further along in state court and likely will be resolved there.

*Fourth*, the defendants have not filed a motion for summary judgment. *See Walther*, 776 F. App'x at 315. So dismissal would not only further judicial economy but also enable the parties to avoid dedicating substantial resources to briefing such a motion.

What's more, the Sixth Circuit has made clear that neither "the mere prospect of a second lawsuit" nor the costs associated with it qualifies as "plain legal prejudice." *Walther*, 776 F. App'x at 315–17. And dismissal won't cause the defendants to lose any defense, interest, claim, or argument it might otherwise have. *See id.* at 317. To the contrary, defendants can't plausibly claim that litigating this dispute in state court—their preferred forum—would cause them prejudice. After all, defendants themselves argued that the Court should abstain from deciding the Church's claims under the *Younger*

abstention doctrine and later requested that the Court abate this case pending resolution of the state court cases.  Doc. 35 at 1–3 (abstention); Doc. 52 (abatement).

Because the defendants won't suffer any prejudice—much less plain legal prejudice—the Church's motion to dismiss should be freely granted.  *See id.* at 315.

## CONCLUSION

Plaintiff Dad's Place of Bryan Ohio respectfully requests that the Court dismiss this action without prejudice, and with each party bearing its own fees and costs.

Respectfully submitted,

*/s/ Stephen D. Hartman*
Philip D. Williamson
TAFT, STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
pwilliamson@taftlaw.com

Stephen D. Hartman
Spengler Nathanson P.L.L.
900 Adams St.
Toledo, OH 43604
Ph:  419/690-4604
Fax: 419/241-8599
Shartman@snlaw.com

Jeremy Dys
Ryan Gardner
First Liberty Institute
2001 W. Plano Pkwy., Suite 1600
Plano, TX 75075
(972) 941-4444

jdys@firstliberty.org
rgardner@firstliberty.org

*Counsel for Plaintiff Dad's Place of Bryan,
Ohio*

## CERTIFICATE OF SERVICE

I certify that an electronic copy of the foregoing Opposed Rule 41(a)(2) Motion to Dismiss Without Prejudice has been served via electronic mail upon the following counsel of record, this 5th day of May, 2025:

John T. McLandrich
John D. Pinzone
Zachary W. Anderson
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139
jmclandrich@mrrlaw.com
jpinzone@mrr.com
zanderson@mrr.com

Marc A. Fishel
7775 Walthon Parkway, Suite 200
New Albany, Ohio 43054
mfishel@fisheldowney.com

*Counsel for Defendants*

*/s/ Stephen D. Hartman*
Stephen D. Hartman
